UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MARSHALL MANTEL,<br><br>        Plaintiff,<br><br> - against -<br><br>COED MEDIA GROUP, LLC,<br><br>        Defendant. | Docket No. 17-cv-04494<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff John Marshall Mantel ("Mantel" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Coed Media Group, LLC ("CMG" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two (2) copyrighted photographs of accused murderers James Rackover and Lawrence Dilione, owned and registered by Mantel, a New York City-based photojournalist. Accordingly, Mantel seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Mantel is a professional photojournalist in the business of licensing his photographs to online, print, and television media outlets for a fee, having a usual place of business at 60 East 8th Street, Apt. 19P, New York, New York 10003. Mantel photographs have appeared in many publications in and around the United States.

6. Upon information and belief, CMG is a limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 237 West 35th Street, Suite 704, New York, New York 10001. Upon information and belief, CMG is registered with the New York Department of State, Division of Corporations to do business in the State of New York.  At all times material hereto, CMG has owned and operated a website at the following URL: www.coed.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photographs**

7. On January 1, 2017, Mantel photographed accused murderers James Rackover and Lawrence Dilione (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8. Mantel then licensed the Photographs to DailyMail.com ("Daily Mail"). On January 17, 2017, Daily Mail ran an article that featured the Photographs on its web edition entitled, *'We have to kill him': Chilling words 'party boy' allegedly said before he 'stabbed unconscious Hofstra graduate in the head after cocaine-fueled fight over CIGARETTES'*. See

http://www.dailymail.co.uk/news/article-4130074/James-Rackover-stabbed-victim-fight-smokes.html. Mantel's name was featured in a gutter credit identifying him as the photographer of the Photographs. True and correct copies of the Photographs in the article are attached hereto as Exhibit B.

9. Mantel is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with the U.S. Copyright Office and were given Copyright Registration Number VA 2-036-447.

**B. Defendant's Infringing Activities**

11. Upon information and belief, on or about January 18, 2017, CMG ran an article on the Website entitled *Manhattan 'Party Boy' Stabbed Hofstra Graduate After Cocaine Fueled Fight over Cigarettes*. See http://coed.com/2017/01/18/james-rackover-manhattan-party-boy-stabbed-hofstra-graduate-murder-trial-info-details-updates/. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

12. CMG did not license the Photographs from Plaintiff for its article, nor did CMG have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST CMG)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. CMG infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. CMG is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the aforementioned acts of infringement by CMG have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

17. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to recover his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST CMG
### (17 U.S.C. § 1202)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. When the Photographs were published in an article in Daily Mail, they contained copyright management information under 17 U.S.C. § 1202(b).

23. Upon information and belief, in its article on the Website, CMG intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

24. The conduct of CMG violates 17 U.S.C. § 1202(b).

25. Upon information and belief, CMG's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by CMG intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photographs. CMG also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

27. As a result of the wrongful conduct of CMG as alleged herein, Plaintiff is entitled to recover from CMG the damages that he sustained and will sustain, and any gains, profits and advantages obtained by CMG because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28. Alternatively, Plaintiff may elect to recover from CMG statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500, and up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant CMG be adjudged to have infringed upon Plaintiff's copyright in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant CMG be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. That CMG be enjoined from further using the Photographs in violation of Plaintiff's copyright and rights under copyright;

4. That, with regard to Plaintiff's First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to Plaintiff's Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. §§ 505 and 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 15, 2017

LIEBOWITZ LAW FIRM, PLLC

By: _____Kamanta C. Kettle_____
Kamanta C. Kettle

11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone: (516) 233-1660
KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff John Marshall Mantel*